[Cite as *Josefsczyk v. McCray*, 2024-Ohio-3434.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| JOSH JOSEFSCZYK, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| ERIN MCCRAY, | : | | Case No. 2023CA00165 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court
of Common Pleas, Family Court
Division, Case No. 2022DR144

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 4, 2024

APPEARANCES:

For Plaintiff-Appellee                                  For Defendant-Appellant

LORRIE FUCHS                                          AARON KOVALCHIK
3974 Wales Ave. NW                               116 Cleveland Ave NW, Suite 808
Massillon, Ohio 44646                            Canton, Ohio 44702

*Baldwin, J.*

{¶1} The appellant appeals the decision of the Stark County Family Court finding her in contempt and awarding the appellee attorney fees.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} The appellee, Josh Josefczyk, filed a complaint for divorce against appellant Erin McCray on February 23, 2022. The trial court conducted a temporary order hearing on June 14, 2022, and issued temporary orders which provided, inter alia, that the appellant shall pay the mortgage on the marital residence, as well as the utilities, as she was continuing to reside in the same.

{¶3} The appellee, who made the July 2022 mortgage payment, became aware that the appellant had failed to make the mortgage payments as ordered. On February 22, 2023, he filed a motion for contempt against the appellant to which he attached an affidavit and documentation confirming that the mortgage payments had not been paid for August 2022 through January 2023, and that a payment of $9,798.99 was due in order to bring the mortgage current. The mortgage was solely in the appellee's name, and the failure to make payments negatively impacted his credit.

{¶4} The matter proceeded to trial on March 1, 2023, during which the trial court addressed the appellee's motion for contempt. During trial, evidence was presented regarding the marital residence, regarding both the source of the initial down payment and the monthly payments.

{¶5} The trial court issued a Final Entry Decree of Divorce on May 2, 2023. With regard to the source of the down payment, the trial court found that the appellee had a pre-marital separate property interest in the marital residence of $13,216.22.

**{¶6}** Further, the appellant admitted that she had not made the monthly mortgage payments as ordered. The trial court found that "[d]espite having notice of this obligation, and the deficiency, the [appellant] has willfully failed to make the payments when able to do so, causing harm to the [appellee's] credit and foreclosure."

**{¶7}** With regard to the contempt issue specifically, the trial court found that the appellant was in contempt for the violation of two court orders:

The first contempt, filed June 29, 2022, was in response to the [appellant] denying [the appellee] parenting time the week of June 21, 2022. The [appellant] did in fact knowingly violated [sic] the court ordered parenting time. She is found to be guilty of willful contempt for this violation.

The second contempt, filed on February 22, 2023, alleges that the [appellant] failed to pay the monthly mortgage for the marital residence from July 2022 to present. The [appellant] admits to not making the payments. Evidence was presented to verify that during his period of time, the [appellant] received two tax refund checks which would have come close to bringing the accounts current, however, she applied those funds elsewhere.

The [appellant] is found to be guilty of willful contempt for violation the temporary order of this court.

**{¶8}** The trial court therefore found the appellant to be guilty of willful contempt, and held:

The [appellant] is found to be guilty of two counts of contempt for violations of this court's orders. She is sentenced to 10 days in the Stark County Jail on each count. Said sentence is suspended on condition of no

further violation of this court's orders IN addition, the [appellant] is ordered to pay to the [appellee] partial attorney fees for work related to these contempt motions the sum of $500.00 within 30 days of the filing of this order.

Further, the trial court ordered the parties to divide by QDRO the marital portion of their pension and deferred-benefit plans. Finally, to achieve an equal division of marital property, the court ordered the Husband to pay the Wife $14,372 from his annuity.

**{¶9}** Within days of the May 2, 2023, divorce decree, the appellee's counsel sent the appellant's counsel two letters in an effort to ensure her cooperation in selling the home to avoid foreclosure. The appellant, even after being found in contempt of court, failed to make a single payment, and failed to sell the marital residence. As a result, appellee was forced to file a third motion for contempt on June 15, 2023.

**{¶10}** In his third motion for contempt, the appellee submitted that the appellant had violated the trial court's Final Entry Decree of Divorce as follows: she failed to cooperate with the listing of the marital home for sale; failed to pay the attorney fees to the appellee's counsel as ordered; failed to pay her share of the QDRO fees; failed and refused to make the house payment for May and June of 2023; and, failed to make the sewer payment on the marital home. Because service of process had been problematic in connection with the prior motions for contempt, the appellee hired a private process server to ensure effective service of the June 15, 2023, Motion. The appellee moved the court for "a finding of contempt, imposition of sentence, an award of attorney fees and costs in an amount to be determined by the Court, and for such other relief as the Court may deem appropriate."

**{¶11}** The trial court conducted a show cause hearing on December 6, 2023, during which the appellant admitted to all of her failures to comply with the Final Entry Decree of Divorce. The appellant admitted that she had failed to make the mortgage payments as ordered; failed to pay the $500.00 in appellee's attorney fees as ordered; failed to pay the sewer bill as ordered; and failed to pay her share of the QDRO expenses. In addition, although the home was in foreclosure due to the appellant's failure to make the mortgage payments, the appellee continued in his efforts to sell the home, even if just a short sale, in an effort to recuperate as much equity as possible. Evidence was presented that the appellant failed to cooperate in effectuating the sale of the marital residence. The home was thus lost to foreclosure. The appellee's credit suffered as a result. The appellee asked the trial court during the hearing to award him either his $3,465.00 in attorney fees incurred for the third motion for contempt, or for "whatever the Court deems appropriate in this case."

**{¶12}** The trial court, after hearing testimony from both parties, found that the appellant engaged in blatant and wanton disregard for court orders, refusing to pay the mortgage on the marital residence since the June 14, 2022, temporary orders hearing. The court found that the appellant's actions caused the appellee irreparable harm due to the loss of the home, equity, separate property interest, and credit. The court found further that, despite her refusal to pay the mortgage, the appellant "enjoyed the use of the home for a full year, left it in disrepair and disregarded the [appellee's] attempts to mitigate the damages by listing the home for sale."  The court ordered:

> The [appellant] is found to be guilty of willful contempt of this court's
>
> orders. Because the martial residence is now lost to foreclosure, no further

remedial provisions are available to the court. The [appellant's] conduct has resulted in irreparable harm. Accordingly, the court issues the following sentence for contempt:

1. The court hereby orders imposition of the suspended ten (10) day sentence (for not paying the mortgage obligation). The [appellant] is ordered to report to the Stark County Jail on January 17, 2024 at 9:00 A.M. for commencement of this sentence. She is to receive credit for two (2) days served.

2. An additional ninety (90) day sentence is ordered for this third contempt finding. This sentence is suspended on condition the [appellant] within 30 days of his order relinquish her interest of $14,372.00 from the [appellee's] annuity and pay to the [appellee] the sum of $12,162.25 attorney fees.

So ordered.

**{¶13}** The appellant filed a timely appeal, and sets forth the following two assignment of errors:

**{¶14}** "I. THE TRIAL COURT'S FINDING OF CONTEMPT WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."

**{¶15}** "II. THE TRIAL COURT ABUSED ITS DISCRETION CONCERNING THE AWARD OF ATTOTNEY [SIC] FEES."

**{¶16}** The appellant submits that the trial court abused its discretion when it found by clear and convincing evidence that the appellant's actions constituted contempt of court, and in award $12,162.25 in attorney fees. We disagree.

**STANDARD OF REVIEW**

**{¶17}** The appellant's assignments of error are interrelated, and as such we address them together.

**{¶18}** An appellate court's standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Sloat v. James*, 2009-Ohio-2849, (5th Dist.) ¶ 19. Thus, in order to find an abuse of discretion we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶19}** The burden of proof in a civil contempt action is proof by clear and convincing evidence. *Sloat*, supra, at ¶ 20. The determination of "clear and convincing evidence" is within the discretion of the trier of fact. *Id.* The trial court's decision should not be disturbed as against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978). A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidenced submitted before the trial court. *Geary v. Geary*, 2015-Ohio-259 (5th Dist.).

**ANALYSIS**

**{¶20}** The uncontroverted evidence presented at the December 6, 2023, show cause hearing established that the appellant admitted she failed to make the mortgage payments as ordered; failed to pay the $500.00 in appellee's attorney fees as ordered; failed to pay the sewer bill as ordered; and failed to pay her share of the QDRO expenses.

**{¶21}** In addition, evidence was presented that, although the home was in foreclosure due to the appellant's failure to make the mortgage payments, the appellee

continued in his efforts to sell the home, even if just a short sale, in an attempt to recover as much equity as possible; and, that the appellant failed to cooperate in effectuating the sale of the marital residence. Further, the evidence established that the appellant left the home in disrepair. Testimony revealed that there was trash everywhere; there was a wall with no drywall on it; the pool had no water in it; there was no electric or water; and all utilities appeared to be shut off. The home, and any equity that could have been derived from its sale, was lost to foreclosure. The appellee's credit was destroyed.

{¶22} The trial court did not abuse its discretion when it found by clear and convincing evidence that the appellant was in contempt of court. Furthermore, in light of the evidence before the trial court that established the appellee's pre-marital separate property interest in the marital residence to be $13,216.22, the fact that the appellee was forced to file three motions for contempt in this matter, and the fact that the appellee requested damages on the third motion to compel for "attorney fees and costs in an amount to be determined by the Court and for such other relief as the Court may deem appropriate," we cannot say that the trial court abused its discretion in awarding the appellee damages in the sum of $12,162.25. Accordingly, the appellant's assignments of error numbers one and two are without merit and are overruled.

## CONCLUSION

{¶23} Based upon the foregoing, the judgment of the Stark County Court of Common Pleas, Family Court Division is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. concur.

Hoffman, J. concurs in part
and dissents in part.

*Hoffman, J., concurring in part, and dissenting in part*

**{¶24}** I concur in the majority's decision to overrule Appellant's first assignment of error thereby affirming the trial court's finding of contempt against Appellant.

**{¶25}** However, I respectfully dissent from the majority's disposition of Appellant's second assignment of error. I believe the majority mischaracterizes the trial court's award of $12,162.25 to Appellee as "damages" (See Maj. Op. at ¶22). The trial court awarded the $12,162.25 to Appellee as attorney fees for his successful (third) motion to hold Appellant in contempt during the December 6, 2023 show cause hearing. Appellee specifically asked for $3,465.00 as attorney fees "or whatever the court deemed appropriate." I would find the trial court abused its discretion in awarding Appellee more attorney fees than specifically requested.